## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

BRANDON HENRY,            :
                                     :
                Plaintiff,      :
                                     :     NO. 7:12-CV-0054-HL-TQL
             VS.           :
                                     :
LOWNDES COUNTY JAIL, et. al.,  :
                                     :
            Defendants.    :

---

## ORDER & RECOMMENDATION

Plaintiff Brandon Henry, a pre-trial detainee at the Lowndes County Jail in Valdosta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and has paid an initial partial filing fee. Plaintiff's Complaint is thus ripe for a preliminary review. See 28 § 1915A(a).

In his Complaint, Plaintiff alleges that two of his jailers brutally assaulted him in an isolation cell without cause or provocation. (Compl. [ECF No. 7] at 5). He alleges that Defendants Officer Warnock and Officer Croft "willingly and intentionally" "forc[ed] the left side of [his] head against the brick wall . . . repeatedly with excessive force while [he] was handcuffed" and restrained. (Id.) Defendants also apparently forced Plaintiff's arms "upward in a forceful violent manner" and struck his "lower back abusively until [he] fell to the ground . . . ." (Id. at 5-6). Plaintiff claims to have suffered injuries as a result of this attack, including cuts to his wrists and head. (Id.).

The allegations in Plaintiff's Complaint, when read in a light most favorable to the Plaintiff, may support a claim for relief under 42 U.S.C. § 1983 against Defendants Warnock and Croft. It is thus **ORDERED** that service be made on these Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28

U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendants are reminded of their duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

Defendant Lowndes County Jail will not be required to answer, as a county jail is not an entity capable of being sued under § 1983.  See e.g., Logue, Jr. v. Chatham County Detention Center, 2010 WL 5769485 (S.D. Ga., Dec. 29, 2010) ("Chatham County Detention Center . . . is not an entity that is subject to suit under § 1983."); Ansley v. Franks, 2010 WL 4007626 *2 n.2 (S.D. Ga., Aug. 30, 2010) ("A . . . jail has no independent legal existence and is . . . not an entity that is subject to suit under § 1983.").   Federal Rule of Civil Procedure 17(b) provides that the "[c]apacity to sue or be sued" is determined "by the law of the state where the court is located." Georgia law thus controls this issue, and the Georgia Supreme Court has explained that there are only three classes of legal entities: "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi artificial person as the law recognizes as being capable to sue." Georgia Insurers Insolvency Pool v. Elbert County, 258 Ga. 317, 318 (1988) (quoting Cravey v. Southeastern Underwriters Assn., 214 Ga. 450, 453 (1958)).  The Lowndes County Jail is none of these.

It is therefore **RECOMMENDED** that any claims against Defendant Lowndes County Jail be **DISMISSED** for failure to state a claim and that it be dismissed as a Defendant.  28 U.S.C. § 1915A(b)(1).   Plaintiff may serve and file written objections to this Recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.  28 U.S.C. § 636(b)(1).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise

the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff.  The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the plaintiff, a

3

state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

It is **ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first).  The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: <u>except with written permission of the court</u>, interrogatories may not exceed TWENTY-FIVE (25) to each party, requests for production of documents and things under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and requests for admissions under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any requests which exceed these limitations.

<u>**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**</u>

Dismissal of this action or requests for judgment will not be considered by the court in the

4

absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

Collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

5

**SO ORDERED**,  this 27th day of June, 2012

*s/THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

jlr