IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| BRANDON HENRY, : | |
| : | |
| Plaintiff, : | |
| : | |
| VS. : | |
| : | 7 : 12-CV-54 (HL) |
| OFFICER WARNOCK, and : | |
| OFFICER CROFT, : | |
| : | |
| Defendants. : | |

**ORDER AND RECOMMENDATION**

The Plaintiff filed this action pursuant to 42 U.S.C. § 1983 in April 2012, alleging that the Defendants used excessive force against him while he was housed at the Lowndes County Jail. (Doc. 1). Service was ordered as to Defendants Warnock and Croft on June 27, 2012. (Doc. 13). Various motions seeking discovery and injunctive relief have been filed by the Plaintiff. (Docs. 17, 18, 19, 20, 22, 24, 25).

*Discovery motions (Docs. 17, 19, 22, 24)*

In several motions filed by the Plaintiff, he seeks discovery from the Defendants. In motions filed on August 6, 2012 (Doc. 17) and September 20, 2012 (Doc. 24), the Plaintiff seeks discovery of evidence which he claims is relevant to this case. In motions filed on August 6, 2012 (Doc. 19) and September 20, 2012 (Doc. 22), the Plaintiff seeks audio and video recordings from the Lowndes County Jail isolation area for March 8, 2012.

If these discovery requests are Plaintiff's first attempt to obtain discovery from the Defendants, such requests must be directed to the Defendants under the rules for discovery as set out in the Federal Rules of Civil Procedure. To the extent that the Plaintiff's motions represent

motions to compel discovery, he has not complied with Local Rule 37 of this Court, which provides that such motions "will not be considered unless they contain a statement certifying that movant has in good faith conferred or attempted to confer with the opposing party in an effort to secure the information without court action." It does not appear that Plaintiff has conferred or attempted to confer with the opposing parties' legal counsel as required by Local Rule 37. Additionally, the Court notes that the Plaintiff has failed to include copies of his discovery requests and the Defendants' responses thereto for the Court's review. Accordingly, Plaintiff's motions seeking discovery are hereby **DENIED**.

### *Motion for Prosecution (Doc. 18)*

Plaintiff's Motion for Prosecution, in which he asks that this matter go forward against the Defendants, is hereby **DENIED** as moot. The Court has already allowed this matter to proceed against Defendants Croft and Warnock, and has ordered service of these Defendants. *See* Doc. 13.

### *Motions seeking injunctive relief (Docs. 20, 25)*

In motions filed on August 31, 2012 (Doc. 20) and September 20, 2012 (Doc. 25), the Plaintiff seeks injunctive relief in the form of protection against the named Defendants and Plaintiff's removal from the Lowndes County Jail. However, a review of the Plaintiff's motions reveals an inadequate basis for the issuance of an injunctive order. Defendants indicate that the Plaintiff was released from the Lowndes County Jail on October 16, 2012. (Doc. 27-2). Indeed, Plaintiff has now filed a Notice of Change of Address indicating that he is no longer confined at the Lowndes County Jail. (Doc. 30). Thus, Plaintiff's claims for injunctive relief in the form of a transfer and against the named officers at the Lowndes County Jail have been rendered moot.

*See, e.g., Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir.1986) (inmate's release from prison mooted claim for declaratory and injunctive relief); *Tucker v. Phyfer*, 819 F.2d 1030, 1035 (11th Cir.1987) (claim of prisoner seeking declaratory relief regarding conditions in which he was held as a juvenile became moot when he reached the age of majority); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir.1985) (an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred); *McKinnon v. Talladega County*, 745 F.2d 1360, 1363 (11th Cir.1984) (inmate's transfer to a different jail moots claim for declaratory and injunctive relief); *Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir. 1984) (transfer from county jail to state prison mooted claims for injunctive and declaratory relief against county jailers).

Accordingly, it is the recommendation of the undersigned that Plaintiff's motions seeking injunctive relief be **DENIED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO ORDERED and RECOMMENDED**, this 1st day of November, 2012.

s/ *THOMAS Q. LANGSTAFF*
**UNITED STATES MAGISTRATE JUDGE**

asb