**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **BRANDON HENRY,** | |
| Plaintiff, | |
| v. | Civil Action No. 7:12-CV-54(HL) |
| **OFFICER WARNOCK and OFFICER CROFT[1],** | |
| Defendants. | |

**ORDER**

1.      This case is scheduled for a jury trial beginning on Tuesday, April 2, 2013, in Valdosta, Georgia, subject to such adjustments in scheduling as may be made when the Court convenes on that date. Jury selection will begin at 9:00 a.m.

2.      A pretrial conference has been scheduled for Tuesday, March 19, 2013 at 9:30 a.m., in Valdosta, Georgia.

3.      All parties are ordered to furnish a trial brief to the Court and the opposing parties on or before the close of business on February 19, 2013.[2] The trial brief must contain the following material:

        a.      A succinct statement of the kind of action involved;

---

[1] Counsel for Defendants is **ordered** to file a notice with the Court no later than February 8, 2013 stating Defendants' full names.

[2] The "close of business" means that the document must be filed with the Clerk's office

b.     A clear statement of the issues involved. The trial will be strictly limited to the issues stated in the trial brief, and any issue raised by the pleadings but not stated in the trial brief will be deemed abandoned. However, an issue not raised by the pleadings may not be raised for the first time in the trial brief.

c.     A statement of the factual allegations in regard to each claim or defense.

d.     An itemized statement of the general and special damages, or any other monetary relief, sought.

e.     A statement of the principles of law involved in the case, supported by appropriate citations of authority.

f.     Any requests to charge the jury. Requests to charge not submitted with the trial brief may not be allowed at trial, subject however, to the right to petition the Court in writing for leave to file additional requests on matters developing during the trial which could not reasonably have been anticipated beforehand. Oral requests to charge at trial may not be allowed. All requests to charge shall be separate, numbered consecutively, capable of ready identification by the Court, and in the order in which the parties suggest they be presented to the jury.

g.     A complete, itemized list describing each item of documentary or physical evidence that will be tendered at trial. The description must be sufficient to put the Court and the opposing parties on notice as to the precise nature of the

no later than 5:00 p.m. on the date listed.

exhibit. The exhibit identification number of each item must be shown on the list. Plaintiff=s exhibit numbers shall be preceded by the letter AP@ and Defendants= exhibit numbers shall be preceded by the letter AD.@ If an exhibit consists of more than one item or page, this shall be indicated on the exhibit list with a complete descriptive statement. Exhibits not so listed and so marked and identified shall not be admitted into evidence.

Unless written objection is filed by the close of business on March 8, 2013, the Court will consider the parties to have stipulated and agreed as to the authenticity of the listed exhibits and they may be admitted into evidence without further proof of authenticity.

At the trial of the case, all exhibits must be identified and marked. A copy of the exhibit list shall be handed to the courtroom deputy prior to opening statements.

h.     A draft of any special form of jury verdict or jury interrogatories which are deemed necessary or desirable.

i.     A list of persons with respect to whom the jurors should be qualified. The list shall state why the jurors should be qualified as to each person listed thereon.

j.     A list of those witnesses he will have present at trial, a list of those witnesses he may have present at trial, a list of any depositions the party may rely upon during the trial, and a list of any audio or video tapes he may offer. The Court will not entertain any such objections thereafter. Evidence from witnesses,

3

depositions, and audio or video tapes not listed will not be allowed at trial. The parties should include a brief summary of the testimony each witness is expected to provide.

Objections to witnesses, testimony and exhibits in any depositions, or any audio or video tapes must be made in writing no later than March 8, 2013.

k.      The party=s proposed voir dire questions for the jury.

4.      Discovery is closed. Other than enforcement of deposition subpoenas, the Court will not entertain further motions to compel discovery, and the trial will not be delayed because of incomplete discovery. The Court regards notices to produce as a discovery device, and trials will not be delayed to afford the parties an opportunity to investigate, by examination of witnesses or otherwise, evidence obtained for the first time at trial by notice to produce, absent a showing that such evidence could not have been discovered before trial.

5.      Any motions in limine should be filed no later than February 19, 2013. Any responses to motions in limine should be filed no later than March 8, 2013. No replies will be allowed.

6.      The pleadings are closed and shall not be amended after the filing of this Order without consent of the Court.

7.      Failure to strictly comply with the terms of this Order, including but not limited to, the timely filing of the trial brief, may result in the exclusion at trial of all

evidentiary matters required to be furnished in the trial brief, and shall subject the

parties and counsel to a contempt charge.


        **SO ORDERED**, this the 31st day of January, 2013.


                              ___*s/ Hugh Lawson*_____
                              **HUGH LAWSON, SENIOR JUDGE**

mbh